IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CURTIS BOULWARE | * | |
| Plaintiff | * | |
| v | * | Civil Action No. WMN-12-727 |
| BOBBY P. SHEARIN, | * | |
| R. RODERICK, | | |
| SMITH, | * | |
| NICE, | | |
| CUBBAGE, | * | |
| LT. HARBAUGH, | | |
| SGT. LEYRIG, | * | |
| MR. LILLER, | | |
| COMMITMENT OFFICE PERSONNEL, | * | |
| MOULDEN, | | |
| TART, and | * | |
| GARY D. MAYNARD | | |
| | * | |
| Defendants | | |

***

## MEMORANDUM

The above-captioned civil rights complaint was filed on March 8, 2012, together with a Motion to Proceed in Forma Pauperis and a Motion for Appointment of Counsel. Plaintiff's Motion to Proceed in Forma Pauperis shall be granted. For the reasons that follow the Complaint must be dismissed and Plaintiff's Motion for Appointment of Counsel shall be denied.

Plaintiff alleges he is being unlawfully imprisoned. He states his release date was February 22, 2012, by virtue of application of 181 diminution of confinement credits to his term of confinement. Plaintiff further states that he was seen on February 9 or 10, 2012, by the Parole Commission which ordered he serve the "balance of original terms and [be] released on February 22, 2012." Among the named Defendants Plaintiff lists mental health staff who he states willfully disregarded his written request for release plans. He further states the Unit Manager,

Lt. Harbaugh, has not responded to his concerns regarding a home plan and his claims that he is being held past his release date.  He complains that case management staff, Smith and Roderick, "exhibited callous disregard in providing [Plaintiff] with a home plan and/or release from NBCI."   He states social workers Nice and Cubbage were also aware of his release date but failed to provide him with a home plan to ensure his release.  ECF No. 1 at pp. 4 and 5.  As relief, Plaintiff seeks monetary damages.  *Id*. at p. 4.

Plaintiff does not have a constitutional right to early release from prison. To the extent that mandatory supervision is release as if on parole, the Constitution itself does not create a protected liberty interest in the expectation of parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex*, 442 U. S. 1, 7 (1979); *see also Jago v. Van Curen*, 454 U. S. 14, 18 (1981) (mutually explicit understanding that inmate would be paroled does not create liberty interest).  Plaintiff's claim that Defendants were obligated to facilitate his release on parole by providing him with a home plan and post-release mental health services is untenable.  "[G]iven a valid conviction, the criminal defendant has been constitutionally deprived of his liberty to the extent that the State may confine him and subject him to the rules of its prison system so long as the conditions of confinement do not otherwise violate the Constitution." *Meachum v. Fano*, 427 U.S. 215, 224 (1976), s*ee also Sandin v. Conner*, 515 U.S. 472 (1995), requiring an atypical and significant hardship as prerequisite to creation of a constitutionally protected liberty interest.

There is no constitutional guarantee of services to insure early release from lawful incarceration.  By separate Order which follows, the Complaint shall be dismissed.

/s/

 03/13/2012  
Date

William M. Nickerson  
Senior United States District Judge